Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

**Avi Schick**
avi.schick@troutman.com

April 19, 2021

**VIA ECF**

The Honorable I. Leo Glasser
The Honorable Eric N. Vitaliano

Re:   *City of New York v. Cigarettes Unlimited, L.C., et al* **(Case No. 1:19-cv-03998) &**
      *City of New York v. Old Dominion Tobacco Company, Inc* **(Case No. 2:20-cv-05965)**

Dear Judge Glasser and Judge Vitaliano:

  This firm represents Atlantic Dominion Distributors ("Atlantic Dominion"), the defendant in the matter captioned *City of New York v. Old Dominion Tobacco Company, Inc* (2:20-cv-05965) (the "New Action"). The New Action arises out of the same transactions and events and involves the same facts and legal issues as the matter captioned *City of New York v. Cigarettes Unlimited, L.C., et al* (1:19-cv-03998) (the "*Cigarettes Unlimited* case").

  While the City had previously indicated to Atlantic Dominion that it intended to add Atlantic Dominion as a defendant in the *Cigarettes Unlimited* case pursuant to an Amended Complaint,[1] the City instead filed a separate action, based on the same allegations and events, against Atlantic Dominion alone. The City has not offered any explanation for this decision.

  The New Action was initially assigned to Judge Gary Brown in Central Islip. During a telephonic conference this morning, Judge Brown asked the City whether the case had any connection to Nassau County, as had been indicated on the civil cover sheet. The City advised that there was no nexus to Nassau County, and that its cover sheet was in error. Judge Brown therefore transferred the case back to the Brooklyn courthouse for reassignment and indicated to counsel that the issue of relatedness to the *Cigarettes Unlimited* case could be raised once the case had been reassigned.

  The case has now been assigned to Judge Vitaliano and Atlantic Dominion accordingly requests that the New Action be deemed related to the *Cigarettes Unlimited* case pursuant to Local Rule 50.3.1,[2] and be assigned to Judge I. Leo Glasser.

**The Original Complaint**

  On July 11, 2019, the City filed a complaint[3] against Cigarettes Unlimited (a tobacco retailer in Virginia), several of its employees, and a number of New York residents alleged to have purchased cigarettes from Cigarettes Unlimited in Virginia (the "Original Complaint"). Therein,

---

[1] A copy of the Amended Complaint proposed in the *Cigarettes Unlimited* case is attached hereto as Exhibit A.
[2] "A civil case is 'related' to another civil case [] when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Local Rule 50.3.1.
[3] A copy of the Complaint filed in the *Cigarettes Unlimited* case is attached hereto as Exhibit B.

The Honorable I. Leo Glasser
The Honorable Eric N. Vitaliano
April 19, 2021
Page 2



---

the City alleged that Cigarettes Unlimited and those named defendants associated with the store (collectively the "Cigarettes Unlimited Defendants") knowingly sold cigarettes taxed in Virginia in large quantities to New York residents who then brought the cigarettes into New York City without paying the higher New York taxes.  Ex. B ¶¶ 52-63.  As a result of this alleged operation, which the Original Complaint described as the "Cigarettes Unlimited Enterprise", the City claimed all the named Defendants had 1) violated the Contraband Cigarette Trafficking Act ("CCTA"); 2) violated the Racketeer Influenced Corrupt Organizations Act ("RICO"); and 3) conspired to violate RICO.

**The Amended Complaint**

On May 19, 2020, while a motion to dismiss filed by the Cigarettes Unlimited Defendants was fully briefed and pending, counsel for the City in the *Cigarettes Unlimited* case sent an email[4] directly to several employees of Atlantic Dominion.  The Amended Complaint was included as an attachment, adding Atlantic Dominion to the *Cigarettes Unlimited* case and alleging that:

- Cigarettes Unlimited purchased its cigarette inventory of Virginia-stamped cigarette from Atlantic Dominion at wholesale prices, which price included the $3.40 per carton Virginia tax, paid by Atlantic Dominion.
- Defendant Atlantic Dominion sold quantities of cigarettes to Cigarettes Unlimited that vastly exceeded the quantity that would reasonably have been sold by a retail outlet in position of Cigarettes Unlimited.
- Atlantic Dominion had knowledge that the purchases by Cigarettes Unlimited were far larger than what could represent legitimate consumer purchases but continued to make sales with actual knowledge that Cigarettes Unlimited was knowingly selling to cigarette traffickers who transported the cigarettes out of state.
- Atlantic Dominion received orders for cigarettes from the Cigarettes Unlimited Defendants and filled those orders knowing that the cigarettes sold by Cigarettes Unlimited would be sold to cigarette traffickers for immediate transport out of Virginia without being affixed with the tax stamps of any state other than Virginia.

Ex. A at ¶¶ 5, 10, 11, 95.  The Amended Complaint further alleged that "Atlantic Dominion had actual and constructive knowledge that Cigarettes Unlimited supplied cigarette traffickers" based on marketing emails it received regarding the volume of cigarettes sold by Cigarettes Unlimited. *Id.*, ¶¶ 69-78.  The Amended Complaint additionally inserted Atlantic Dominion in the group pleadings regarding the "Cigarettes Unlimited Enterprise" and brought the same claims for violations of the CCTA and RICO, as well as conspiracy to violate RICO, against Atlantic Dominion as it did against the other Defendants.[5]  Ex. A at ¶¶ 43, 84-86, 94, 97, 99, 105-110, 113, 120, 127.  In his email, counsel for the City represented that "the City of New York intends to file [the Amended Complaint] against Atlantic Dominion no later than May 30…"  Ex. C.

**The New Complaint**

On December 8, 2020, the City commenced the New Action by filing a complaint[6] against Atlantic Dominion (the "New Complaint"), alleging the same events and causes of action as the Amended Complaint.  *Compare* Ex. D *with* Ex. A.  With the exception of changes obscuring the connection to the *Cigarettes Unlimited* case, such as replacing references to "Cigarettes Unlimited" with the unidentified "cigarette retail store" and the addition of more details about the

---

[4] A copy of the email is attached hereto as Exhibit C.
[5] Between July and October 2020, the City entered into a variety of settlement agreements with the defendants named in the Original Complaint.  See *Cigarettes Unlimited* case, Docs. 54-65.  The case was marked terminated on October 29, 2020.
[6] A copy of the Complaint in the New Action is attached hereto as Exhibit D.

The Honorable I. Leo Glasser
The Honorable Eric N. Vitaliano
April 19, 2021
Page 3



marketing emails and the appearance of the "cigarette retail store", many of the paragraphs involving Atlantic Dominion have been copied and pasted directly from the Amended Complaint. *Compare* Ex. A, ¶ 101 *with* Ex. D, ¶ 70.[7] The underlying conduct and transactions at issue in the New Complaint are inarguably what was previously described by the City as the "Cigarettes Unlimited Enterprise" in the Original Complaint and the Amended Complaint.

**Meet and Confer**

Because the New Action involves the same underlying facts and transactions, raises the same questions of law, and will involve the same parties and witnesses as the *Cigarettes Unlimited* case, treating the two actions as related and assigning the New Action to Judge Glasser will save judicial resources in accordance with Local Rule 50.3.1.[8] Pursuant Local Rule 50.3.1(d), shortly after the New Complaint was filed, undersigned counsel asked the City to confirm that the New Complaint "involves similar 'facts and legal issues' or 'arise[s] from the same transactions or events' as the complaint [] filed in *City of New York v. Cigarettes Unlimited, L.C., et al* [], and thus is a 'related civil case' under Local Rule 50.3.1(a)." Counsel for the City disagreed, and counsel met and conferred telephonically on December 15, 2020, during which counsel for the City admitted, as he must, that there was "factual overlap" between both cases. His position was "not that [the New Action] was unrelated" to the one filed against Cigarettes Unlimited and the other defendants identified as participating in the "Cigarettes Unlimited Enterprise". Rather, he asserted that the new matter was "much broader" than the *Cigarettes Unlimited* case and potentially involved sales to other cigarette retailers in Virginia, and possibly elsewhere as well.

No such additional retail outlets are identified in the New Complaint and the New Complaint only alleges trafficking out of Virginia. During the meet and confer, undersigned counsel asked multiple times for additional information regarding the City's representations, including what other stores were involved and where they were located. Counsel for the City represented that they had "no obligation" to provide counsel for Atlantic Dominion with that information in advance of discovery.

The City also did not explain how representations of the inclusion of unidentified, unnumbered retailers in addition to Cigarettes Unlimited resulted in the New Complaint no longer arising "from the same transactions or events" as the *Cigarettes Unlimited* case, and thus no longer being related pursuant to Local Rule 50.3.1. Since the call, the City has neither elaborated further, nor made any effort to modify or amend the New Complaint to contain such allegations.

---

[7] Similarly, the actions alleged to be taken by Cigarettes Unlimited in the Original Complaint and the Amended Complaint are now alleged to have been taken by a "Spotsylvania County retail store". *Compare also* Ex. A, ¶ 57 & 62 *with* Ex. D, ¶ 35 & 37.

[8] *See Residents & Families United to Save Our Adult Homes v. Zucker*, 2017 WL 5496277, at *15 (E.D.N.Y. Jan. 24, 2017) (citing Rule 50.3.1(a)) ("treating this action as related to [earlier action] saves substantial judicial resources as the undersigned is knowledgeable about the [businesses], the Regulations, and many of the federal laws at issue here"); *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 299 F.R.D. 1, 6 (E.D.N.Y. 2014) ( because "these cases involve almost identical questions of law and fact as well as almost identical parties" "consolidation will economize both judicial resources and the resources of the parties") (consolidating under Rule 50.3.1(a)); *Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) ("both cases involve the same set of facts with respect to the development, marketing and sale of the [] Products and allege that the Defendants made a series of false and misleading claims … As such, as these cases involve almost identical questions of law and fact.").

115360346v4

The Honorable I. Leo Glasser
The Honorable Eric N. Vitaliano
April 19, 2021
Page 4



      The City's Amended Complaint adding Atlantic Dominion to the *Cigarettes Unlimited* case, effectively conceded that the two cases "arise from the same transactions or events" and concern the same "facts and legal issues". The same allegations and causes of actions in the Amended Complaint are repeated in the New Complaint.

      The New Action should be deemed "related" and assigned to Judge Glasser pursuant to Local Rule 50.3.1.

Sincerely,

*[signature]*

Avi Schick

cc:    Eric Proshansky
       Hope Lu

115360346v4