**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

THE CITY OF NEW YORK

        Plaintiff,

v.

OLD DOMINION TOBACCO COMPANY, INCORPORATED d/b/a ATLANTIC DOMINION DISTRIBUTORS,

        Defendant.

**CASE MANAGEMENT PLAN**

**Docket Number: 1:20-cv-05965**

---

Upon consent of the parties, it is hereby ORDERED as follows:

1. Defendants shall answer or otherwise move with respect to the complaint by \_\_\_\*\_\_\_.

2. No additional parties may be joined after \_\_\_\*\_\_\_.

3. No amendment of the pleadings will be permitted after \_\_\_\*\_\_\_.

    \*   On July 1, 2021, Defendant served a motion seeking dismissal of the complaint in its entirety under FRCP 12(b)(2) & (6), which was fully briefed and submitted on September 2, 2021. The parties agree that, should the motion be denied in part or in full such that claims remain against Atlantic Dominion, Atlantic Dominion will have 45 days from the decision on the motion to dismiss to file an Answer. The parties similarly agree that, should the motion be granted in full or in part such that the City is provided with an opportunity to submit an amended complaint, the City will have 45 days from the decision on the motion to dismiss to file its amended complaint and to join any additional parties.

4. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: \_\_\_\*\*\_\_\_.

5. The parties shall make required Rule 26(a)(2) disclosures with respect to:

    (a) expert witnesses on or before \_\_\_\*\*\_\_\_.
    (b) rebuttal expert witnesses on or before \_\_\_\*\*\_\_\_.

6. All discovery, including depositions of experts, shall be completed on or before \_\_\_\*\*\_\_\_ (Generally, this date must be no later than 6 months after the initial conference).

120705600v4

\*\*     The Parties have been unable to agree how discovery deadlines should be scheduled at this time. Each Party's position is laid out below and each Party will be prepared to discuss their position at the conference currently scheduled before this court on November 9, 2021. The Parties agree that should a discovery schedule be set, whether after a decision on the motion to dismiss is issued or sooner, they will continue their Rule 26(f) conference to discuss the scope and form of discovery.

**Plaintiff:**

On October 20, Plaintiff submitted a letter motion requesting a Rule 16 conference so that Plaintiff could commence discovery. Plaintiff noted that Defendant did not consent to the request, and consistent with that position, on October 21, Defendant filed a letter opposing Plaintiff's request, arguing that discovery should be stayed until the Court issued a decision on Defendant's pending motion to dismiss. On October 25, the Court granted Plaintiff's request and scheduled an initial conference, requiring the parties to meet and confer pursuant to FRCP 26(f) and submit a case management plan.

In accordance with the Court's order, Plaintiff proposed the detailed discovery schedule set forth below to Defendant, which Plaintiff believes will provide the parties sufficient time to conduct discovery regarding the complex factual issues involved in this matter. Plaintiff sought to negotiate specific dates, but Defendant would not agree to discuss any discovery schedule commencing prior to a decision on the motion to dismiss, despite the Court's apparent rejection of Defendant's request for a stay. Plaintiff strongly objects to a stay of discovery because Defendant does not meet the standard for a stay of discovery, however, Plaintiff does not believe that a proposed Case Management Plan is the appropriate forum to argue a motion for a stay. If the Court is inclined to permit Defendant to again move for a stay, Plaintiff respectfully requests an opportunity to submit a letter brief opposing a stay of discovery, setting forth the standard for a stay of discovery and Defendant's failure to meet that standard.

1. Rule 26 (a)(1) Initial Disclosures: Nov. 22, 2021
2. Rule 26 (a)(2) disclosures:
    a. Experts witnesses: Sept. 30, 2022
    b. Rebuttal expert witnesses: Oct. 31, 2022
3. All discovery: Nov. 30, 2022 with specific deadlines as follows.
    a. Document requests and interrogatories: Dec. 7, 2021
    b. Written responses to document requests and interrogatories: Jan. 7, 2022
    c. Completion of document production: June 1, 2022
    d. Completion of all fact discovery: Aug. 31, 2022

**Defendant:**

Counsel met and conferred on November 3. As detailed above, they agreed to a number of dates. The parties disagree, however, about whether disclosures and discovery must be set for a date prior to a decision on Atlantic Dominion's motion to dismiss.

As noted above, Atlantic Dominion has moved to dismiss the complaint in its entirety under both FRCP 12(b)(2) and 12(b)(6). Dismissal would be dispositive under either subsection and would entirely eliminate the need for discovery. Moreover, in the event that the complaint were

dismissed but the City was permitted to amend its pleading, that new amended complaint would control the scope and subject matter of discovery.

Courts routinely issue stays of discovery, including initial disclosures, where similar motions to dismiss are pending in order to spare the parties the accompanying annoyance, burden, and expense. See, e.g., King v. City of N.Y., No. 12-CV-2344 (NGG) (RER), 2014 U.S. Dist. LEXIS 140790, at *16-18 (E.D.N.Y. Sep. 30, 2014) (collecting cases). The discovery at issue here will be both burdensome and expensive. For example, the complaint alleges the Atlantic Dominion was part of a cigarette trafficking enterprise that involved an unnamed store in Virginia and unnamed individuals in New York. Atlantic Dominion would accordingly need to engage in multiple rounds of discovery requests and interrogatories to the City to identify the alleged participants and then obtain documents, information, and testimony related to the alleged enterprise. Similarly, the lack of precision in the pleading will almost certainly give rise to disputes regarding the scope and subject of discovery the City may seek from Atlantic Dominion, as well as subsequent motion practice. This would require the parties to expend further time, effort, and funds, as well.

Moreover, the motion to dismiss has been fully briefed since the beginning of September. Even if the Parties were to set dates and move quickly, the motion will have been pending for nearly five months by the time that the parties begin to exchange discovery responses and documents. The relatively little progress that would be made before the Court is likely to issue a ruling further weighs in favor of setting discovery dates that are triggered by the issuance of the decision.

Atlantic Dominion could, of course, formally move to stay discovery on the above grounds in the event that any deadlines for initial disclosures or discovery are set. Atlantic Dominion would prefer, however, to agree to a scheduling order setting discovery deadlines discovery for after the motion to dismiss is decided, which would avoid the need for motion practice and the expense both sides would incur in briefing, opposing, and arguing the motion.

7. Pre-motion letters regarding proposed dispositive motions must be submitted within one (1) weeks following the close of all discovery and responses are due one week later.

8. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C.§636(c)? (**Answer no if any party declines to consent without indicating which party has declined**.)

    Yes        No **X**

    If parties answer yes, then fill out the AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form. The form can be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf.

120705600v4

This scheduling order may be altered or amended upon a showing of good cause not foreseeable at the date hereof.

Dated: November 4, 2021

/s/ *Sabita Krishnan*
Eric Proshansky
Sabita Krishnan
Hope Lu
New York City Law Department
100 Church Street
New York, New York 10007
Tel.: (212) 356-2273
skrishna@law.nyc.gov

*Attorneys for Plaintiff*

/s/ *Mary Grace W. Metcalfe*
Avi Schick
Mary Grace W. Metcalfe
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6000
avi.schick@troutman.com
marygrace.metcalfe@troutman.com

*Attorneys for Defendant*

120705600v4