

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

Sabita Krishnan
Assistant Corporation Counsel
phone: (212)356-2273
Email: skrishna@law.nyc.gov

May 3, 2022

*Via ECF*
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *The City of New York v. Old Dominion Tobacco Company, Inc.*
     20 Civ. 5965 (ENV-RER) (E.D.N.Y.)

Dear Judge Reyes:

  I represent plaintiff the City of New York (the "City') in this action. I write pursuant to the Court's Individual Practice Rules to seek the Court's intervention regarding certain discovery disputes the parties have been unable to resolve despite their best efforts pursuant to Local Civil Rule 37.3(a).

1. **Plaintiffs' Requests Relating to Defendant's Customers**

  The Complaint alleges that Defendant supplied its customers and retail stores with large quantities of cigarettes knowing that those retail stores were selling to cigarette traffickers. See Doc. 1 at ¶¶ 3,6-8, 10. Plaintiff requested discovery relating to one store that is highlighted as an example in the Complaint, as well as five other retail stores in Virginia and North Carolina that were among Defendant's many customers.

  a. **Dispute Regarding Four of the Six Retail Stores:** Defendant has agreed to respond with respect to two stores: (1) Cigarettes Unlimited LP, the retail store referenced as an example in the Complaint, and (2) FreeCo, Inc., which Plaintiff identified in declarations submitted in response to Defendant's motion to dismiss. As Plaintiff explained to Defendant, the remaining four retail stores are stores that Plaintiff is aware Defendant sold cigarettes in such large quantities that Phillip Morris USA Inc. (hereafter "Altria") warned Defendant of its

cigarettes sales to those entities on multiple occasions in 2019 and 2020, making discovery regarding Defendant's communications and transactions with those four entities relevant to Plaintiff's claims.[1]  Nevertheless, Defendant continues to refuse to produce any documents relating to those four stores on the basis that they are not specifically named in the Complaint. There is no basis for Defendant to unilaterally pick and choose the customers for which it will provide discovery where the Complaint alleges Defendant knowingly sold large quantities of cigarettes to customers that were participating in cigarette trafficking and Plaintiff has provided a reasoned basis by which it selected a limited number of customers for targeted discovery.

      b.    **Dispute Regarding Time Frame**: Plaintiff is entitled to discovery regarding Atlantic Dominion's communications and transactions with all six stores going back to 2009 because it has evidence that retail stores used Atlantic Dominion as their sole or primary supplier to obtain cigarettes well in excess of what they could reasonably sell locally beginning in 2009. (*See e.g.* Declaration of Robert Schmidt, Doc. No 29-6; Declaration of Stephen D. Riley, Doc. No 29-1).  Plaintiff only request discovery from January 1, 2012 to the present, but Defendant seeks to limit discovery to between January 1, 2016 and the date of the Complaint. Because this discovery is relevant to establish Defendant's knowledge that it was supplying its customers with cigarettes that were being trafficked out-of-state and to New York City, Plaintiff is not limited to communications or transactions that occurred within the statute of limitations, or prior to the filing of the Complaint.[2]

2. **Plaintiff's Requests Relating to Defendant's Supplier, RJR**

      Plaintiff requested that Defendant produce documents reflecting its communications with the two major Cigarette manufacturers, Altria and Reynolds American, Inc ("RJR) regarding its sales of cigarettes manufactured or marketed by either company because Plaintiff has reason to believe that Defendant communicated with both manufacturers regarding the volume of its sales to certain customers.  Defendant objects to the City's request regarding RJR on the grounds that RJR is not specifically mentioned in the complaint.[3]  RJR does not need to be specifically mentioned in the complaint.  Newport cigarettes, manufactured by RJR, are commonly referred to within the industry as "NYC Cigarettes" because they are in high demand in New York City and are trafficked from the South to New York City. (*See* Declaration of Justin Brent Freeman ("Freeman Declaration"), Doc. No. 29-2).  Sixty percent of FreeCo's purchases

---

[1] Plaintiff provided Defendant with examples of the communications Plaintiff relied on to identify the four retail stores.

[2] Plaintiff does not object to the time frame ending at the date of the filing of the Complaint for stores that were no longer operating at the time of the filing of the Complaint

[3] The Complaint provides an example of relevant communications with Altria: it alleges that the volume of Defendant's sales of cigarettes to certain customers were so excessive that Altria warned Defendant about its sales to those customers.  However, the Complaint does not state, or even suggest, that only cigarettes manufactured by Altria are trafficked to New York City.

2

from Defendant were of Newport cigarettes. The City has also informed Defendant that it will be providing documents showing that FreeCo communicated with RJR about concerns regarding FreeCo's steep increase in sales of cigarettes manufactured by RJR.

3. **Plaintiff's Requests Relating to Defendant's Communications With Law Enforcement Officials**

Plaintiff requested that Defendant produce any documents containing communications regarding cigarettes between Defendant and any law enforcement agency, which are relevant to showing Defendant's awareness that its customers were trafficking cigarettes to New York City. Defendant refuses to produce communications with law enforcement agencies that are not explicitly about cigarette trafficking. The City did not limit its requests to communications about cigarette trafficking because law enforcement agencies may not explicitly reference cigarette trafficking in communications with the Defendant. For example, law enforcement agencies might inquire about the volume of Defendant's cigarette sales to specific customers without disclosing the purpose of the inquiry as related to cigarette trafficking; however, those communications would still be relevant to showing Defendant's knowledge that it was selling to customers that were trafficking cigarettes.

4. **Disputes Relating to Plaintiff's Proposed Stipulated Protective Order and Clawback Agreement**

The parties have been attempting to negotiate a Stipulated Protective Order and Clawback Agreement ("Protective Order"), but have reached an impasse on at least one issue.[4] Plaintiff obtained certain documents from Altria that are relevant to the litigation after agreeing to maintain those documents as confidential. Altria has advised Plaintiff that its position is that if the parties intend to file any of those documents, they must be filed under seal, but Defendant will not agree to any such requirement in a protective order. Plaintiff respectfully seeks the Court's resolution of this dispute, with input from Altria's counsel as appropriate.

Regards,

_____/s/_____
Sabita Krishnan
Assistant Corporation Counsel

---

[4] The parties are continuing to work towards resolving other disputes relating to the Protective Order and will update the Court on the status of those discussions at the May 11, 2022 status conference.