UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                        Plaintiff,                    Civil Action No. 20-cv-5965

                    -against-

OLD DOMINION TOBACCO COMPANY,
INCORPORATED d/b/a ATLANTIC DOMINION
DISTRIBUTORS,

                                        Defendant.

---------------------------------------------------------------------- x

### STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

**WHEREAS**, the parties in this action will be producing certain documents or disclosing certain information pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or sensitive or otherwise inappropriate for disclosure beyond the litigation;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through their counsel, as follows:

1.      This Protective Order shall be applicable to and govern all documents and information, including electronically stored information, produced by the parties in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, responses to any other discovery devices, and all other information or material produced, made available for inspection, or otherwise produced and/or

submitted by any of the parties in this litigation as well as testimony adduced in deposition (collectively, "Discovery Material").

2.      "Confidential Information," as used herein, means any Discovery Material which is designated, in good faith, as Confidential by the party producing the Discovery Material (the "Producing Party"). In designating information as Confidential, the Producing Party will make such designation only as to non-public information that contains confidential financial information, or that contains commercially sensitive information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or that are in the possession of the Producing Party solely as a result of a governmental investigation.

3.      The Producing Party shall designate Discovery Material as "Confidential Material" by stamping or otherwise clearly marking the material as "CONFIDENTIAL" at the time of production.  To the extent Confidential Material is contained in a document that is produced natively, such as an Excel spreadsheet, the native file should be produced along with a placeholder TIFF image that reflects the native file's production Bates number and the appropriate confidentiality designation.

4.      Portions of deposition transcripts and exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript.  If so designated, pages of the final transcript containing the designated testimony shall be marked by the reporter as "Confidential Information Governed by Protective Order."

5.      The designation of any material as Confidential Information shall apply with equal force to any copies, abstracts or summaries made thereof, or excerpts taken therefrom.  Any individual making such copies, abstracts or summaries, or creating any document including

excerpts taken therefrom (including, without limitation, expert reports or pleadings), shall include the confidential designation applied to the Confidential Information.

6.      In the event the party receiving the production ("Receiving Party") objects to the designation of any Discovery Material as Confidential, counsel shall advise the Producing Party of such objections and the reasons therefore.  All Discovery Material designated as Confidential shall be treated as Confidential Information pending a resolution of the Parties' dispute, and it shall be the obligation of the Receiving Party to obtain a prompt hearing before this Court with respect to the propriety of the designation if the parties cannot resolve the dispute. The burden of proof that a document should be designated Confidential shall be on the Producing Party.  In the event that the Receiving Party seeks such a hearing, the Producing Party will cooperate in obtaining a prompt hearing.

7.      Materials and information designated as "Confidential Material" shall be used solely for the purposes of this litigation, and shall not be used for any other purpose.

8.      "Confidential Material" may be disclosed by the parties (or any of them) or their respective counsel to the following persons: (a) the parties to the respective actions, their counsel (including in-house counsel), and their regular and temporary employees who may be reasonably necessary to aid counsel in the prosecution or defense of this action (including but not limited to legal assistants, paralegals, and clerical or other support staff), but only for as long as necessary for the conduct of the litigation; (b) outside vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and/or who perform e-discovery services or litigation support services, or photocopying, scanning, computer classification, or similar clerical functions; (c) the Court and its personnel; (d) court reporters who record depositions or other testimony in the action; (e) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (f) witnesses at any deposition in the

action; (g) consultants not in the regular employ of the parties who are needed to assist counsel of record in the litigation or trial of the action; (h) witnesses expected to testify at trial; and (j) mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.      All individuals to whom "Confidential Material" is disclosed, except for those individuals listed in paragraphs 8(a), 8(b), 8(c), and 8(d) of this Protective Order shall be informed of and shall agree with the terms of this Protective Order, and shall not disclose or use "Confidential Material" except in compliance with this Protective Order, and shall acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgment form, which is attached as Exhibit A.

10.      To the extent that a Producing Party has reason to believe that certain "Confidential Material" should only be submitted to the Court under seal, the Producing Party bears the burden of moving for leave to have the material in question sealed pursuant to the local rules of the Court.

11.      Should a Receiving Party intend to file "Confidential Material" or incorporate the contents of "Confidential Material" into a Court filing, the Receiving Party shall provide notice to the Producing Party at least five business days prior to the expected filing of the "Confidential Material" it intends to use.  Within four business days of receiving notice, the Producing Party, or a third party who originally provided the Producing Party with the Proposed Sealed Material and whose confidential information is contained therein (a "Third Party") shall indicate to the Receiving Party which, if any, portion of the identified "Confidential Material" it intends to move to seal ("Proposed Sealed Material").

12.      The Receiving Party shall then file under seal or redacted any Proposed Sealed Material, noting that the sealing or redactions are subject to a forthcoming motion.  The Producing Party or Third Party shall make its motion for leave to seal the Proposed Sealed Material no later

than ten business days following the Receiving Party's filing of the Proposed Sealed Material with the Court.  Should the Receiving Party oppose the motion, it shall file its opposition within seven days.

13.     Any Proposed Sealed Material shall be treated by the Parties as subject to seal during the process outlined in Paragraphs 10-12 or while a motion to seal is pending before the Court.

14.     Should the Producing Party or a Third Party not move to for leave to seal the Confidential Material as outlined in Paragraph 10-12, or should such motion be withdrawn, then the Parties need not treat the Proposed Sealed Material as subject to seal.

15.     In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, and the party receiving the request has not yet destroyed or otherwise disposed of the requested Confidential Material, such party shall promptly notify the Producing Party and provide it with a copy of the request; and shall make reasonable efforts to provide the Producing Party with reasonable time to object to such disclosure.  Nothing in this Protective Order shall be construed to require the party in receipt of the request or subpoena to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

16.     Nothing in this Protective Order shall preclude any disclosure of materials or information subject to this Protective Order to any judge, magistrate judge, or employee of the Court for purposes of this case.

17.     Nothing in this Protective Order shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the Receiving Party in the form in which it was produced through proper

5

means; or (iii) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

18.     Nothing in this Protective Order shall prohibit or limit the parties or their employees from using or disclosing material or information designated as "Confidential Information" as the parties and their employees would otherwise be required to do by law absent entry of the Protective Order.

19.     If a party learns that by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, it must immediately (a) notify in writing the producing party of the disclosure(s), (b) use its best efforts to retrieve the unauthorized copies of the Confidential Material, (c) inform the person(s) to whom disclosures were made of all terms of this Order, and (d) use best efforts to have such person(s) execute the acknowledgment form attached as Exhibit A.

20.     A Producing Party's inadvertent production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection, common interest privilege, deliberative process privilege, or law enforcement privilege, or any other privilege or protection recognized by law, as well as any non-party personally identifying information (collectively, "Protected Material"), shall not constitute a waiver by the Producing Party of any privilege or protection applicable to that information in this action, or any other federal or state proceeding.  This provision shall be interpreted to provide the maximum protection allowed by 502(d) of the Federal Rules of Evidence and Rule 26(c) of the Federal Rules of Civil Procedure; and shall specifically preclude the application of FRE 502(b)(2 & 3).

21.     The Parties agree to the following regarding production of Protected Material:

      a.   A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or

destroy the Protected Material (the "Clawback Demand").  Such demand shall

be made promptly after the Producing Party discovers that the Protected

Material was produced and shall state on a privilege log the Protected Material

to be returned or destroyed (including the Bates number of the document, or if

no Bates number appears on the document, sufficient information to identify

the document) and the basis for the claim of privilege or protection.

b.  Upon receiving an uncontested Clawback Demand, the Receiving Party shall

within seven (7) business days, destroy the Protected Material or return it to

the Producing Party, including any copies, and notify any third-party to whom

the Receiving Party sent such identified Protected Material to return it to the

Producing Party or destroy it.  The Receiving Party shall provide written

assurance of these actions within seven (7) days of receiving a Clawback

Demand.  If the document or information subject to the Clawback Demand

contains protected material only in part, then the Producing Party shall, within

five (5) business days of the Clawback Demand, produce redacted versions of

the documents subject to the Clawback Demand. If the Receiving Party

identifies a document or record produced by the Producing Party that appears

to be Protected Material it shall immediately notify the Producing Party of the

existence of the document, including the Bates number of the document, or if

no Bates number appears on the document, sufficient information to identify

the document so that the Producing Party may make a Clawback Demand.

c.  If a Receiving Party disagrees with a Producing Party's claim that certain

documents or information constitutes Protected Material, then, within seven

(7) business days of receiving the Clawback Demand, the Receiving Party

may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed).  Any material subject to a Clawback Demand shall not be introduced into evidence, disclosed to any person or entity, or used for any purpose, including in any action or proceeding, pending the resolution of the Clawback Demand.

22.    A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

23.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

24.    This Protective Order may be changed only by further agreement of the parties in writing or by order of the Court, and is without prejudice to the right of any party to seek modification or judicial relief of this Protective Order by application to the Court on notice to the other party.  This Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

25.    It is contemplated that this Protective Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.  Facsimile or photocopied signatures on this Protective Order shall have the full force and effect as original signatures.

Dated: New York, New York
August 31, 2022

                          ***HON. SYLVIA O. HINDS-RADIX***
                          Corporation Counsel of the City of New
                          York

By:     */s/ Hope Lu*
             Eric Proshansky
             Hope Lu
             Krista Friedrich
             Assistant Corporation Counsel
             100 Church Street, Room 20-83
             New York, New York 10007
             (212) 356-2032
             EProshan@law.nyc.gov
             HLu@law.nyc.gov
             KFriedri@law.nyc.gov
             *Attorneys for Plaintiff*
             *The City of New York*

             TROUTMAN PEPPER HAMILTON
             SANDERS LLP

By:     */s/ Avi Schick*
             Avi Schick
             Mary Grace W. Metcalfe
             870 Third Ave
             New York, NY 10022
             avi.schick@troutman.com
             marygrace.metcalfe@troutman.com

             *Attorneys for Defendant*

SO ORDERED:

_____

HONORABLE ERIC N. VITALIANO

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                     Plaintiff,                    Civil Action No. 20-cv-5965

                 -against-

OLD DOMINION TOBACCO COMPANY,
INCORPORATED d/b/a ATLANTIC DOMINION
DISTRIBUTORS,

                                   Defendant.

----------------------------------------------------------------------- x

## ACKNOWLEDGEMENT FORM FOR PROTECTIVE ORDER

    I, _____, being duly sworn, state:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

    4. I have read and understand the provisions of the Stipulated Protective Order and Clawback Agreement , and I will comply with all of its provisions.

    5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulated Protective Order and Clawback Agreement, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" that have been disclosed to me.

6. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

7.  I will limit my use of "Confidential Material" solely to the purpose of this lawsuit.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          Signed:_____