Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Avi Schick**
avi.schick@troutman.com

June 1, 2023

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *City of New York v. Old Dominion Tobacco Company, Inc* **(Case No. 2:20-cv-05965)**

Dear Judge Reyes:

This firm represents defendant Atlantic Dominion.  We write in response to the letter Plaintiff filed last night regarding discovery.  In its letter, Plaintiff does not contend that it has fulfilled its discovery obligations.  Rather, it proposes that (1) discovery be stayed at this time, until resolution of the pending motion to dismiss or (2) Atlantic Dominion be forced to engage in premature motion practice to obtain the documents to which it is entitled.

The Court should reject both suggestions and should direct Plaintiff to complete the production that is underway.  After document production is complete, Atlantic Dominion is amenable to a pause in these proceedings until its motion to dismiss has been decided.

Plaintiff's production has been the subject of extended correspondence over the past few months.  And nowhere in that correspondence did Plaintiff suggest that it could not or would not complete its production.  To the contrary, it repeatedly promised that it would meet its obligation by April 26, 2023.  Yet it has not done so.

Fundamentally, what Plaintiff needs to do is comply with the directive of this Court issued during a February 1, 2023 telephonic conference to not "hide the ball."  Unfortunately, it is still hiding the ball in multiple ways.

First, Plaintiff continues to steadfastly refuse to produce copies of recorded interviews that it conducted with individuals it alleges are Atlantic Dominion's coconspirators.  Correspondence within Plaintiff's production confirms the existence of at least seven unproduced interviews related to the allegations in this case, as well as their intention to conduct additional interviews "to see what they can tell us about AD."  Plaintiff separately possesses copies of relevant interviews conducted by law enforcement related to the allegations in this lawsuit.

Instead, Plaintiff only recently produced six interview excerpts of a minute or less (without identifying who is being interviewed) and another interview that is so obviously truncated that it begins and ends midsentence.  No list of withheld interviews has been produced.

Plaintiff possesses the full interviews, and it is less work to produce them than to manufacture self-serving excerpts.  Plaintiff should be directed to produce them immediately.

Hon. Ramon E. Reyes, Jr.
June 1, 2023
Page 2



Second, Plaintiff needs to comply with this Court's directive that "the City will produce a privilege log with all the relevant information that someone needs to assess whether the assertion of the privilege is valid" [and] "indicating what has been withheld from [the City's] production." Doc. 52 at 30:19-21 & 31:3-4.

The City's first redaction and privilege logs provided in fall of 2022 failed to meet these requirements, as did the reissued ones this winter. And though Atlantic Dominion raised the issue again at the telephonic conference on February 1, 2023 – at which time the Court expressly directed the City not to "hide the ball" – the City still has failed to meet its discovery obligations or comply with the Court's instructions.

This partial and truncated production is inconsistent with the City's discovery obligations. It is inconsistent with the City's statements to the Court at the conferences in February and last May. And it is inconsistent with the City's representations that updated logs, a response to Atlantic Dominion's concerns, and further documents would be forthcoming by the end of April.

The City should make good on its promise to respond to Atlantic Dominion's concerns, produce any outstanding discovery, and provide adequate logs. The Parties can then meet and confer,[1] and if necessary, make their respective motions. But there is no valid reason why Atlantic Dominion must again ask the Court to direct the City to produce logs that fully identify the documents being withheld and why. This Court so directed the City to do so a year or more ago.

Finally, while Atlantic Dominion previously proposed a stay of discovery while its motion to dismiss was pending the City opposed this request. Limited document discovery was ordered, and the City may not now seek to stay discovery when it has received all the information it sought from Atlantic Dominion[2] while failing to even identify what information it has and is withholding.

Without the withheld information – upon which the City has expressly relied in its pleadings – Atlantic Dominion cannot adequately itself. And without a clearer understanding of what is being withheld and why, Atlantic Dominion cannot adequately prepare a motion to compel.

For all of these reasons, we respectfully request that the Court reject Plaintiff's request to suspend document discovery at this time and instead should reiterate its directive to the City to complete its discovery obligations by producing (1) the complete interviews in its possession; (2) updated and complete privilege and redaction logs; (3) a response to the concerns raised by Atlantic Dominion and (4) any other responsive materials heretofore withheld.

Respectfully submitted,

Avi Schick

---

[1] At no time in the seven weeks between the letter to the Court on April 12 and our email to the City on May 30 did they indicate that more time was needed. And contrary to the City's representations, counsel for Atlantic Dominion raised the looming deadline for the joint status report on May 22, 28, and 30.

[2] The only outstanding issue the City has identified with Atlantic Dominion's production is whether Atlantic Dominion must generate and produce in electronic form copies of documents it already has produced in the form they are kept in the normal course of business. The Parties had agreed to include this question in the meet and confer to be scheduled after the receipt of the promised materials from the City.