Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022



troutman.com

**Avi Schick**
avi.schick@troutman.com

July 5, 2023

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *City of New York v. Old Dominion Tobacco Company, Inc* (Case No. 2:20-cv-05965)

Dear Judge Reyes:

We are writing to follow up on the joint status report filed by the Parties late Friday afternoon.  Doc. 64.  The report filed was more than 20 pages, and Atlantic Dominion did not receive the City's portion for review until just before 3:00pm that day and therefore could not fully compare the City's current representations to its prior communications.  We therefore write briefly to reiterate the request for a conference as soon as possible on the issue of the City's spoliation.

As set forth in the report, the City confirmed at the June 16 meet and confer that it had created the six short interview excerpts from much longer recordings of interviews conducted with individuals the City claims were engaged in the alleged trafficking at issue in this case.  Despite Mr. Proshanksy's representation that he had and would produce the full interviews the following week, on Friday afternoon the City claimed that it is "unable to locate the full tapes as originally received."  Doc. 64 at 12.  This despite the fact that a forensic examination of the excerpts reveals that they were last modified on April 26, 2023.

Interviews with Atlantic Dominion's alleged coconspirators are essential evidence. That is especially so if – as the City suggests – "Atlantic Dominion is not mentioned."  Doc. 64 at 12, n11.

Similarly concerning, the City advised us at the meet and confer that (1) it had received two boxes of physical documents from the Spotsylvania Sheriff's office relating to the alleged trafficking at issue; (2) it had someone review the boxes; (3) upon being told that there was nothing in them for the City; (4) it instructed its representative to return them.  In the joint status report, the City represented that "Mr. Lesnak reviewed documents from the Spotsylvania Sheriff's office that had been seized from the Cigarettes Unlimited stores and determined that there was nothing in them that bore on *this case*. For that reason, the records were returned to the Sheriff."  Doc. 64 at 13 (emphasis in the original).

This representation is completely contradicted by the email from Thomas Lesnak to Mr. Proshanksy that begins "I have completed the review of the boxes of evidence that was stored at the Spotsylvania S.O."  Mr. Lesnak describes the various documents he found in those boxes relating to Atlantic Dominion and that he thought many "require follow-up." See Exhibit A.



Some documents were attached while others were promised "from the drop box on Monday." The email is dated February 7, 2021, while this case was pending and after the *Cigarettes Unlimited* case settled. *See* Exhibit A. Yet the City claims it is all unrelated to this case.

Mr. Proshansky indicated that he did not recall when the boxes were returned. Emails between Mr. Proshanksy and Mr. Lesnak discussing the "return [of] the 2 banker boxes of records" are dated May 12, 2021. See Exhibit B. That is five months after the complaint in this case was filed.

On Friday afternoon, Mr. Proshansky suggested that "the City had no obligation to retain" information and documents in its possession, custody, and control while this case was ongoing. That is contrary to all applicable case law[1] and raises additional and grave concerns regarding the City's spoliation and lack of preservation of evidence.

Atlantic Dominion therefore respectfully reiterates its request for a conference as soon as possible to address the City's conduct.

Respectfully submitted,

Avi Schick

cc. all counsel (via ECF)

---

[1] *See, e.g., Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24 (S.D.N.Y.), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010) ("The Federal Rules of Civil Procedure make parties responsible not only for evidence in their immediate possession, but also evidence within their 'control'". (quoting Fed.R.Civ.P. 34(a)(1)).