Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Avi Schick**
avi.schick@troutman.com

January 9, 2023

**VIA EMAIL**

Krista Friedrich
Senior Counsel, Affirmative Litigation Division
New York City Law Department
100 Church Street
New York, NY  10007

**Re:** **City of New York v. Old Dominion Tobacco Company, Inc. 20 Civ 5965 (ENV-RER)**

Dear Krista:

We write with regard to the redaction and privilege logs the City has produced in this case. In this letter we wish to address several issues that appear repeatedly throughout the logs and concern multiple documents and designations.

We are particularly concerned about the treatment of communications with Vincent Lesnak and Frank Bostrom.  The logs identify 17 different communications with Vincent Lesnak that have been redacted and 37 that have been completely withheld as attorney work product.  For each, the explanation given is some version of the below:

> Communication regarding this litigation between Plaintiff's counsel and Vincent Lesnak, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation.

This designation has been applied to multiple communications that predate this litigation, including emails sent as far back as 2018.  These designations, as well as similarly designated communications with Frank Bostrom, are inappropriate. Indeed, even communications such as NYC_0008418 and NYC_0008438, that appear to relate to the City's promotion of Lesnak's candidacy as an independent third-party monitor, have been designated as attorney work product. There is no legitimate basis to withhold these communications as attorney work product, and we reiterate our discovery demand for them.

Moreover, these privilege designations are also inappropriate because the City cannot maintain privilege over the very materials upon which it has premised this action. Notably, the City has repeatedly referenced or explicitly incorporated the work and reports of Lesnak and Bostrom into its allegations, including their investigations concerning Atlantic Dominion, Cigarettes Unlimited, FreeCo, Bonnie's Bounty, Armstrong, T's Corner, and Village Tobacco.  By putting the

**Krista Friedrich**
January 9, 2023
Page 2



substance of these documents and communications at issue, the City has waived any privilege with regard to this material, if it ever existed. These documents must be produced in full.

The City's explanations for its invocation of the law enforcement privilege are similarly suspect. The City has redacted 29 different communications and withheld entirely another 35 on the following grounds:

> Communication between Plaintiff's counsel and Sebastian Kielmanovich, a federal law enforcement official, regarding a criminal investigation in North Carolina. This communication in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff.

Yet a number of these communications – such as NYC_0008518 – clearly pertain to the *Cigarettes Unlimited* matter, which was a civil case regarding a retailer in Virginia. Additionally, as noted above, many of these communications have already been shared with defendants in the *Cigarettes Unlimited* matter, who the City alleged participated in the alleged conduct underlying the claims in this matter. They should similarly be produced to Atlantic Dominion.

We also note that the descriptions of the basis for invoking these privileges are also faulty. The City repeatedly makes the same, verbatim explanations of privilege for correspondence with Messrs. Lesnak and Brostrom, as well as with Assistant United States Attorney Sebastian Kielmanovich, which focus on the *occupation of the correspondents* rather than the information the City is seeking to withhold. In so doing, the City has both failed to properly assert the privilege on which it seeks to rely and made it impossible for Atlantic Dominion to evaluate the validity of the privilege asserted.[1]

Finally, the explanations provided for a number of redactions and withholdings cannot possibly apply to the documents in question.[2] This repeatedly appears in a number of documents – such as the attachments to NYC_0009388 – that are redacted as attorney work product despite having been repeatedly circulated to non-attorney third parties, and in communications with the attorneys for the defendants in the *Cigarettes Unlimited* matter– such as NYC_0009358 – over which law enforcement privilege is asserted. We are unaware of any legal basis for withholding or redacting these – or similarly – documents. They should be produced.

---

[1] Some documents, such as NYC_0008679, have also been produced in a way that makes it unclear who on the chain received what and thus the extent to which any privilege has been waived. This format of production impedes Atlantic Dominion's ability to evaluate the validity of the privilege asserted.

[2] A number of the emails have their subject matters redacted, but the redacted subject matters are listed in the redaction log. For example, in NYC_0008543, the only redaction is to the subject line of the email. The subject is disclosed in the redaction chart, however, as "Detailed Surveillance Report." Especially since the unredacted attachment is a "Report of Investigation" from "Surveillance at FreeCo," it is unclear what grounds exist for redacting this subject line, especially on the basis of attorney work product. Even more puzzling are the redacted subject lines for NYC_0009165 and NYC_0009199, which the log identifies as "Atlantic Dominion" and "Atlantic" respectively. These two documents also have the names of all of their attachments redacted, despite the identification of the documents in the log itself. The City should produce unredacted copies of all such documents.

**Krista Friedrich**
January 9, 2023
Page 3



This is not an exhaustive list of the problems with the City's redactions and withholdings, but rather is meant to raise and resolve categorical concerns that affect multiple documents and designations.  We hope that by raising these overarching concerns now, we may be able to streamline our discussion of related issues moving forward.

Please let us know when you are free for a call to discuss the matter.

Sincerely,

Avi Schick