Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Avi Schick**
avi.schick@troutman.com

January 27, 2023

**VIA EMAIL**

Krista Friedrich
New York City Law Department
100 Church Street
New York, NY 10007

Re:   City of New York v. Old Dominion Tobacco Company, Inc. 20 Civ 5965 (ENV-RER)

Dear Krista:

    We are disappointed that your response does not substantively address the issues that we raised earlier this month.  We also do not understand how you can justify taking nearly three weeks to suggest that you were confused about which entries were the subject of our concerns.  Throughout this litigation, the City has been improperly withholding information.

    Your letter suggests that it is unclear which assertions of privilege Atlantic Dominion is challenging.  To clarify, as we stated in our letter, the overwhelming majority of the entries in both logs do not contain sufficient information to allow Atlantic Dominion to determine what is actually being withheld or the validity of the privilege being asserted.  Our letter was designed to address these repeated and overarching issues, which are a threshold problem that must be resolved.

    For example, in noting the deficiency of those privilege designations based on the individuals' occupations rather than the information Plaintiff is seeking to withhold, we directed you to the large number of explanations which only contained some version of the following:

> Communication regarding this litigation between Plaintiff's counsel and Vincent Lesnak, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation.

This identifies[1] the entries in your charts that used this language verbatim, including

- entries 1, 2, 3, 4, 12, 15, 16, 17, 24, 75, 80, 82, 191, & 192 in the privilege log, and

- NYC_0008418, NYC_0008438, NYC_0008647, NYC_0008907, NYC_0008942, NYC_0009278, & NYC_0009840 in the redaction log,

---

[1] You wrote that we "have not provided [the] bates numbers or other identifiers for those entries" discussed in our letter.  That is both false and misleading.  False because we did in fact identify the documents in question by Bates number when possible, and misleading because the vast majority of the entries in the privilege log do not have Bates numbers and so obviously could not be identified that way.

Krista Friedrich
January 27, 2023
Page 2



as well as the entries where nearly this exact language is used, such as

- entries 41, 42, 43, 44, 45, 46, 74, 76, 109, 117, 118, 119, 120, 121, 133, & 139 in the privilege log and NYC_0008578, NYC_0008581, NYC_0009775, NYC_0010240, & NYC_0010242 in the redaction log, which included "Tom Lesnak" in the explanation;

- NYC_0008679, NYC_0009367, NYC_0009467, NYC_0009755 in the redaction log, where the above is followed by a separate, content based assertions of privilege; and

- NYC_0008989 in the redaction log, which contains both the addition of "Tom Lesnak" and an additional assertion of privilege.

The deficiencies at issue in these descriptions[2] are similarly at issue in the designations we identified regarding Frank Bostrom and Sebastian Kielmanovich.[3]

Moreover, this missing information is explicitly required by Local Rule 26, which you cite in your letter. Among the categories of "information" the Rule says "shall be provided" in asserting privilege are "the type of document, *e.g.*, letter or memorandum" and "the general subject matter of the document." Local Rule 26.2(a)(2)(A)(i & ii). This information has not been provided for the *hundreds* of entries referenced in this and our prior letter, and is especially concerning because the logs suggest that these are the very documents upon which the City premised its action.

Again, Atlantic Dominion fully anticipates raising specific challenges to individual assertions of privilege.[4] In the meantime however, the lack of basic, fundamental information – expressly required by the Local Rules – regarding the vast majority of redactions and withholdings makes it impossible for Atlantic Dominion to even evaluate the privilege being asserted, much less determine which designations to challenge and on what grounds.

We look forward to discussing on Monday.

Sincerely,

Avi Schick

---

[2] The explanation for withholding "Documents provided by Plaintiff's counsel to Vincent Lesnak and Tom Lesnak in connection with the tasks Plaintiff's counsel engaged those individuals to perform" – that is, entries 110, 111, 112, 113, 114, 115, & 116 in the privilege log – is similarly deficient.
[3] Again, we included the language from the chart to identify those entries for which it was used. Nonetheless, the deficient Bostrom and Kielmanovich explanations are listed in Exhibits A-C hereto.
[4] In fact, Atlantic Dominion has already brought specific challenges – such as to the redaction of "Atlantic Dominion" as the subject of an email or to the withholding of communications concerning Mr. Lesnak's candidacy as an independent third-party monitor – where supported by the limited details available.

**Exhibit A:**
Explanations which rely upon the occupation of Frank Brostrom
rather than the information the City seeks to withhold

| Explanation | As seen in |
|---|---|
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. | Privilege log: 5, 6, 7, 8, 9, 20, 25, 26, 27, 28, 29, 30, 35, 60, 62, 63, 78, 79, 81, 83, 85, 86, 87, 89, 90, 91, 92, 94, 95, 97, 98, 100, 101, 102, 103, 104, 105, 106, 108, 122, 124, 125, 126, 127, 129, 130, 131, 132, 134, 136, 137, 138, 140, 142, 143, 145, 146, 147, 148, 152, 154, 155, 157, 158, 159, 161, 164, 167, 169, 173, 175, 178, 181, 183, 185, 186, 190, 193, 194, 196, 197, 198, 199, 201, 202, 204, 206, 208, 209, 211, 212, 213, 215, 217, 219, 220, 221, 222, 224, 225, 226, 227, 228, 229, 230, 231, 232, 234 |
| | Redaction log: NYC_0008467, NYC_0008496, NYC_0008504, NYC_0008543, NYC_0008558, NYC_0008660, NYC_0008662, NYC_0008665, NYC_0008696, NYC_0008700, NYC_0008707, NYC_0008711, NYC_0008713, NYC_0009103, NYC_0009166, NYC_0009173, NYC_0009538, NYC_0009550, NYC_0009557, NYC_0009777, NYC_0009792, NYC_0009834, NYC_0009847, NYC_0009854, NYC_0010195, NYC_0010208, NYC_0010209, NYC_0010223, NYC_0010245, NYC_0010287, NYC_0010298, NYC_0010313, NYC_0010318, NYC_0010323, NYC_0010328, NYC_0010333, NYC_0010341, NYC_0010355, NYC_0010357, NYC_0010371, NYC_0010373 |

| | |
|---|---|
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator hired by Plaintiff to perform investigative tasks in connection with this and other litigation. | Redaction log: NYC_0010383 |
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator by Plaintiff to perform investigative tasks in connection with this and other litigation. | Redaction log: NYC_0010348 |
| Document related to this litigation prepared and/or provided by Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. | Privilege log: 84, 88, 93, 96, 128, 141, 144, 160, 162, 163, 165, 168, 170, 171, 174, 176, 177, 195, 207, 216, 218 |
| Document related to this litigation prepared by counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. | Privilege log: 99, 107, 151, 153, 179, 180, 182, 184, 187, 188, 189, 200, 203, 205, 210, 214 |
| Document related to this litigation prepared and/or provided by Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation | Privilege log: 36, 61, 123 |
| Document related to this litigation prepared and/or provided by Frank Brostrom, an investigator hired by Plaintiff to perform investigative tasks in connection with this and other litigation. | Privilege log: 10 |
| Document provided by Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation, that includes Plaintiff's counsel's work product. | Privilege log: 233 |
| Investigative report prepared by Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. | Privilege log: 135 |

**Exhibit B:**
Explanations which rely upon the occupation of Sebastian Kielmanovich
rather than the information the City seeks to withhold

| Explanation | As seen in |
|---|---|
| Communication between Plaintiff's counsel and Sebastian Kielmanovich, a federal law enforcement official, regarding a criminal investigation in North Carolina. This communication in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Redaction log: NYC_0009165, NYC_0009199, NYC_0009388, NYC_0009496, NYC_0009549, NYC_0009583 |
| Communications between Plaintiff's counsel, Sebastian Kielmanovich, a federal law enforcement official, other federal and state law enforcement officials, and lawyers for cooperating witnesses, regarding a criminal investigation in North Carolina. These communications are in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log: 31, 32, 33, 34, 40<br><br>Redaction log: NYC_0008518, NYC_0009358, NYC_0009360, NYC_0009664, NYC_0009666 |
| Communications between Plaintiff's counsel, Sebastian Kielmanovich, a federal law enforcement official, and lawyers for cooperating witnesses, regarding a criminal investigation in North Carolina. Some communications also include other federal and state law enforcement officials. These communications are in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log: 47, 49, 52, 54, 55, 56, 57, 58, 59 |
| Communication between Plaintiff's counsel, Sebastian Kielmanovich, a federal law enforcement official, other federal and state law enforcement officials, and lawyers for cooperating witnesses, regarding a criminal investigation in North Carolina. This communication is in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log: 21 |
| Communication between Sebastian Kielmanovich, a federal law enforcement official and lawyers for cooperating witnesses, regarding a criminal investigation in North Carolina. This communication is in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log: 22, 23, 48, 53 |

**Exhibit C:**
Explanations which rely upon the occupation of Frank Brostrom and
Sebastian Kielmanovich rather than the information the City seeks to withhold

| **Explanation:** | **As seen in** |
|---|---|
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. It also includes discussion of Plaintiff's counsel's communications with Sebastian Kielmanovich, a federal law enforcement official, regarding a criminal investigation in North Carolina. Those communications were in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log:<br>11, 13, 14, 19, 223 |
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. The email chain also includes Plaintiff's counsel's communications with Sebastian Kielmanovich, a federal law enforcement official, regarding a criminal investigation in North Carolina. Those communications were in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log:<br>72, 73, 77<br><br>Redaction log:<br>NYC_0008656, NYC_0010236 |
| Communication regarding this litigation between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. Plaintiff's counsel shared this communication and/or document with Sebastian Kielmanovich, a federal law enforcement official, in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log:<br>64, 66, 68, 70<br><br>Redaction log:<br>NYC_0009202, NYC_0009204, NYC_0009207, NYC_0009211, NYC_0009218, NYC_0009391, NYC_0009393, NYC_0009396, NYC_0009499, NYC_0009501, NYC_0009504, NYC_0009586, NYC_0009588, NYC_0009591, NYC_0009595, NYC_0009602 |
| Document related to this litigation prepared and/or provided by Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation. Plaintiff's counsel shared this communication and/or document with Sebastian Kielmanovich, a federal law enforcement official, in furtherance of the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff. | Privilege log:<br>65, 67, 69, 71 |