Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com




**Avi Schick**
avi.schick@troutman.com

March 8, 2023

**VIA EMAIL**

Krista Friedrich
New York City Law Department
100 Church Street
New York, NY 10007

**Re: City of New York v. Old Dominion Tobacco Company, Inc. 20 Civ 5965 (ENV-RER)**

Dear Krista:

As anticipated during our most recent call, we are still processing the City's reissued production, including the metadata file you sent over last week. We expect to have substantive questions and comments regarding individual documents when we have had the chance to review the production fully. However, as with our letter dated February 27, we want to continue raising questions regarding the updated privilege and redaction logs as they arise.

As an initial matter, we have concerns regarding information that we requested in our letters from January, which we still have not received. In addition to specific communications with Vincent Lesnak that we identified in our letter dated January 9, 2023 – including those predating the litigation by more than two years or relating to Lesnak's candidacy as an independent third-party monitor – which cannot possibly be privileged, the City still has not provided the basis for the privileges it seeks to invoke for dozens of documents. As noted in our letters dated January 9 and 27, this lack of information makes it impossible for Atlantic Dominion to evaluate the privilege being asserted, much less determine which designations to challenge and on what grounds.

In addition, where the City has now provided more information regarding the documents at issue, the explanations of privilege frequently do not support the withholding or redactions in question. Moreover, in many instances, the logs suggest that any privilege that may have existed was subsequently waived. And, finally, there appear to be a number of factual errors in the log that make it difficult to understand what documents are being withheld.

Examples are provided for each below. These are by no means exhaustive lists, but rather are intended to provide a point of reference as we continue our discussions. We look forward to your response.

**Previously Identified Lesnak Communications**

In our letter dated January 9, we drew your attention to correspondence with Vincent Lesnak that was being withheld as "attorney work product" and "regarding this litigation" despite predating the filing of the complaint against Atlantic Dominion by two years. It appears that rather



than withholding the emails, the City is now redacting the bodies of these emails in their entirety.[1] It is unclear how these emails, all of which were sent the evening of October 22, 2018 in response to a news article and each of which appears to be 1-2 lines in length, can possibly be "attorney work product" created "in anticipation of this litigation (related to factual investigation of Atlantic Dominion)" as the City now claims.

Similarly, in our January 9 letter, we drew your attention to communications that appear to relate to the City's promotion of Lesnak's candidacy as an independent third-party monitor, which had been designated as attorney work product. As previously noted, emails relating to Mr. Lesnak potentially serving as an independent third-party cannot possibly be privileged. In your letter dated January 30, you indicated that you had "considered these examples and the City is prepared to produce, to the extent previously withheld, communications and documents related to the proposal that Vincent Lesnak serve as a monitor." Notwithstanding our discussions, these emails still appear to be redacted to the same extent previously provided, but assigned new Bates numbers. [2]

There is no legitimate basis to withhold these communications as attorney work product, and absent some justification, we intend to move to compel the production of these communications.

**Lack of Articulated Basis for the Privilege Invoked**

In a number of instances, we still do not have the necessary information to properly evaluate, much less challenge, the basis for the privileges that the City seeks to invoke. For example, in order to assert law enforcement privilege,

> the party asserting the privilege must show that the documents in question contain (1) information pertaining to 'law enforcement techniques and procedures,' (2) information that would undermine 'the confidentiality of sources,' (3) information that would endanger 'witness and law enforcement personnel,' (4) information that would undermine 'the privacy of individuals involved in an investigation,' or (5) information that would seriously impair 'the ability of a law enforcement agency to conduct future investigations.'

*In re The City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (internal citations omitted, quoting *Dep't of Investigation,* 856 F.2d at 484). However, multiple communications[3] from Frank Brostrom have been redacted on the basis of law enforcement privilege, with some variation of the following explanation:

> Communication regarding this litigation (related to factual investigation of FreeCo and Atlantic Dominion) between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation.

[1] NYC_0009585 & NYC_0009588.
[2] *Compare* the prior production's NYC_0008418 & NYC_0008438 *with* the newly produced NYC_0008421 & NYC_0008441.
[3] NYC_0009240, NYC_0009566, and NYC_0010433.




The City has similarly invoked law enforcement privilege as the basis for withholding another eight communications[4] with Mr. Brostrom in their entirety with similar explanations.

Nothing in the explanations provided suggests, much less establishes, any of the grounds that the Second Circuit has recognized as required for the invocation of law enforcement privilege. In fact, the explanations provided in the logs for these documents are *identical* to the explanations provided for documents over which no law enforcement privilege is asserted. The City, in each of these instances, has failed to appropriately identify basis of the privilege being invoked.

Other invocations are similarly unsupported and undistinguished. For example, the City has repeatedly redacted emails[5] titled "Fwd: Atlantic Dominion" between Mr. Brostrom and Mr. Proshansky with the following explanation:

> Communication regarding this litigation (related to factual investigation of FreeCo and Atlantic Dominion) between Plaintiff's counsel and Frank Brostrom, an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation.

Despite only listing Mr. Brostrom and Mr. Proshansky on these communications, the log indicates that these communications are being redacted on the grounds of common interest privilege. Not only is there no articulated basis for the privilege, the provided explanation is, again, identical to the explanation proved for documents where the common interest privilege is not invoked. The City has similarly withheld another four emails from Mr. Brostrom,[6] as well four documents authored by Mr. Bostrom, in their entirety on the basis of the common interest privilege.[7] In each instance, it is unclear how the common interest privilege can possibly apply to the documents at issue.

As previously noted, the City's failure to provide explanations for the privileges at issue makes it impossible for Atlantic Dominion to evaluate or challenge the assertion. In each instance, some basis for the invoked privilege must be provided. Please let us know when we can expect a log that meets this fundamental requirement.

**The City's Articulated Bases Do Not Support the Privileges Asserted**

In a number of places where the City has now provided additional information regarding its withholdings and redactions, the new explanations fail to support the privilege asserted. In some cases, the explanation provided even contradicts the application of privilege.

---

[4] DMNL00241_000006160, DMNL00241_000006156, DMNL00241_000006166, DMNL00241_000006147, DMNL00241_000010283, DMNL00241_000006376, DMNL00241_000006378, and DMNL00241_000013191.
[5] NYC_0009233, NYC_0009738, NYC_0009240, NYC_0009745.
[6] NYC_0009267, NYC_0009559, NYC_0009685, & NYC_0009772.
[7] NYC_0009268, NYC_0009560, NYC_0009686, & NYC_0009773.



For example, in the case of 18 redactions[8] and 13 withholdings,[9] the explanation provided includes a reference to communications with Sebastian Kielmanovich, an Assistant United States Attorney in North Carolina, and asserts that the communications were sent pursuant to "the common interest in the prosecution of cigarette trafficking shared by federal law enforcement and Plaintiff." This cannot possibly be the case.

In the Second Circuit, common interest privilege "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). There is nothing in the record to suggest that the City shared some established and agreed-upon strategy with the USAO for the Eastern District of North Carolina regarding the prosecution of Atlantic Dominion for cigarette trafficking at the time these documents were exchanged. Rather, the record indicates to the contrary. In each instance, the City has described the communications at issue as "regarding this litigation," frequently "related to [the] factual investigation of Atlantic Dominion." The above captioned case is a <u>civil litigation</u> for money damages; the City's interest in this litigation is not the prosecution of cigarette trafficking.

Moreover, this sharing of information is fatal to the City's assertion of work product privilege over the affected documents. It is well established that "[t]he party asserting that the work-product privilege applies 'bears the burden of demonstrating that it has not been waived.'" *In re Symbol Techs., Inc. Sec. Litig.*, No. CV053923DRHAKT, 2017 WL 1233842, at *10 (E.D.N.Y. Mar. 31, 2017) (quoting *Norton v. Town of Islip*, No. CV 04-3079, 2015 WL 5542543, at *3 (E.D.N.Y. Sept. 18, 2015)). Courts in the Second Circuit have repeatedly held that the sharing of information described by the City in its logs is exactly the sort of exchange that not only strips a document of its privilege, but requires the production of related material.[10] Absent some demonstration of continued privilege, the documents and communications exchanged with the AUSA Kielmanovich must be produced.

This waiver issue is even more apparent in the assertion of attorney work product over communications with investigators engaged by the City. For 74 different redactions,[11] the City provides some version of the following explanation

---

[8] NYC_0008679, NYC_0009269, NYC_0009271, NYC_0009274, NYC_0009278, NYC_0009285, NYC_0009561, NYC_0009563, NYC_0009566, NYC_0009687, NYC_0009689, NYC_0009692, NYC_0009774, NYC_0009776, NYC_0009779, NYC_0009783, NYC_0009790, & NYC_0010433.

[9] DMNL00241_000010028, DMNL00241_000010266, DMNL00241_000012417. DMNL00241_000012735, DMNL00241_000006183, DMNL00241_000012899, DMNL00241_000006160, DMNL00241_000006156, DMNL00241_000006166, DMNL00241_000006147, DMNL00241_000010283, DMNL00241_000006376, & DMNL00241_000006378.

[10] *See, e.g., U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989).

[11] NYC_0008421, NYC_0008441, NYC_0008507, NYC_0008584, NYC_0008668, NYC_0008677, NYC_0008679, NYC_0008684, NYC_0008686, NYC_0008689, NYC_0008718, NYC_0008763, NYC_0008767, NYC_0008774, NYC_0008778, NYC_0008780, NYC_0008974, NYC_0009009, NYC_0009170, NYC_0009233, NYC_0009240, NYC_0009269, NYC_0009271, NYC_0009274, NYC_0009278, NYC_0009285, NYC_0009345, NYC_0009437, NYC_0009561, NYC_0009563, NYC_0009566, NYC_0009585, NYC_0009588, NYC_0009649, NYC_0009687, NYC_0009689, NYC_0009692, NYC_0009726, NYC_0009738, NYC_0009745, NYC_0009774, NYC_0009776, NYC_0009779, NYC_0009783, NYC_0009790, NYC_0009847, NYC_0009947, NYC_0009972, NYC_0009974, NYC_0009989, NYC_0010031, NYC_0010037, NYC_0010392, NYC_0010405,




Communication regarding this litigation (related to factual investigation of Atlantic Dominion) between Plaintiff's counsel and [] an investigator engaged by Plaintiff to perform investigative tasks in connection with this and other litigation.

Another 175 documents have been withheld in their entirety on the same grounds.[12] By contrast, only two redactions are identified as purely "related to litigation strategy."

---

NYC_0010406, NYC_0010420, NYC_0010433, NYC_0010442, NYC_0010444, NYC_0010447, NYC_0010489, NYC_0010500, NYC_0010515, NYC_0010520, NYC_0010525, NYC_0010530, NYC_0010535, NYC_0010543, NYC_0010550, NYC_0010557, NYC_0010559, NYC_0010573, NYC_0010575, & NYC_0010585.

[12] DMNL00241_000006146, DMNL00241_000010028, DMNL00241_000010029, DMNL00241_000010234, DMNL00241_000010266, DMNL00241_000010267, DMNL00241_000012417, DMNL00241_000012418, DMNL00241_000012735, DMNL00241_000012736, DMNL00241_000013869, DMNL00241_000006176, DMNL00241_000006183, DMNL00241_000006187, DMNL00241_000012896, DMNL00241_000012897, DMNL00241_000012899, DMNL00241_000012900, DMNL00241_000006212, DMNL00241_000006213, DMNL00241_000006160, DMNL00241_000006156, DMNL00241_000006159, DMNL00241_000012879, DMNL00241_000006163, DMNL00241_000006166, DMNL00241_000012820, DMNL00241_000014275, DMNL00241_000014317, DMNL00241_000014309, DMNL00241_000014321, DMNL00241_000013497, DMNL00241_000014323, DMNL00241_000014312, DMNL00241_000013480, DMNL00241_000014311, DMNL00241_000010121, DMNL00241_000006131, DMNL00241_000006133, DMNL00241_000006147, DMNL00241_000006151, DMNL00241_000013540, DMNL00241_000006309, DMNL00241_000006310, DMNL00241_000010242, DMNL00241_000006311, DMNL00241_000010199, DMNL00241_000012702, DMNL00241_000010204, DMNL00241_000006255, DMNL00241_000012366, DMNL00241_000006252, DMNL00241_000010283, DMNL00241_000006376, DMNL00241_000012465, DMNL00241_000010294, DMNL00241_000010305, DMNL00241_000013770, DMNL00241_000013771, DMNL00241_000013207, DMNL00241_000013208, DMNL00241_000013798, DMNL00241_000013799, DMNL00241_000013282, DMNL00241_000013816, DMNL00241_000013817, DMNL00241_000013288, DMNL00241_000013823, DMNL00241_000013824, DMNL00241_000013808, DMNL00241_000013210, DMNL00241_000013289, DMNL00241_000013833, DMNL00241_000013834, DMNL00241_000013321, DMNL00241_000013840, DMNL00241_000013220, DMNL00241_000013845, DMNL00241_000013336, DMNL00241_000013850, DMNL00241_000013851, DMNL00241_000013853, DMNL00241_000013847, DMNL00241_000006378, DMNL00241_000006389, DMNL00241_000013201, DMNL00241_000010315, DMNL00241_000006396, DMNL00241_000006391, DMNL00241_000006314, DMNL00241_000006315, DMNL00241_000013578, DMNL00241_000013572, DMNL00241_000013906, DMNL00241_000013587, DMNL00241_000006316, DMNL00241_000006317, DMNL00241_000013915, DMNL00241_000006318, DMNL00241_000006319, DMNL00241_000013917, DMNL00241_000013858, DMNL00241_000013859, DMNL00241_000013458, DMNL00241_000013861, DMNL00241_000013471, DMNL00241_000006277, DMNL00241_000006278, DMNL00241_000013225, DMNL00241_000013868, DMNL00241_000013867, DMNL00241_000013923, DMNL00241_000013924, DMNL00241_000013927, DMNL00241_000013922, DMNL00241_000013938, DMNL00241_000013496, DMNL00241_000013875, DMNL00241_000013890, DMNL00241_000013891, DMNL00241_000013573, DMNL00241_000010361, DMNL00241_000010362, DMNL00241_000010363, DMNL00241_000010364, DMNL00241_000010365, DMNL00241_000012485, DMNL00241_000012486, DMNL00241_000012487, DMNL00241_000012488, DMNL00241_000012489, DMNL00241_000013949, DMNL00241_000013952, DMNL00241_000013951, DMNL00241_000006347, DMNL00241_000006348, DMNL00241_000006349, DMNL00241_000006350, DMNL00241_000006351, DMNL00241_000006343, DMNL00241_000006344, DMNL00241_000013970, DMNL00241_000013974 DMNL00241_000013986, DMNL00241_000013304, DMNL00241_000014166, DMNL00241_000014167, DMNL00241_000014161, DMNL00241_000013325, DMNL00241_000014160, DMNL00241_000012495, DMNL00241_000014190, DMNL00241_000014192, DMNL00241_000014194, DMNL00241_000014196, DMNL00241_000013955, DMNL00241_000013958, DMNL00241_000013963, DMNL00241_000013965, DMNL00241_000014200, DMNL00241_000014201, DMNL00241_000014199, DMNL00241_000014202,




As noted in our prior letters, it is axiomatic that "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party" and a party that attempts to do so waives its privilege. *In re Grand Jury Proc.*, 219 F.3d 175, 182–83 (2d Cir. 2000) ("fairness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.'"). Here, the City has repeatedly relied on the work of Messrs. Brostrom and Lesnak in both bringing this lawsuit and defending it from dismissal. Nonetheless, the City now seeks to withhold extensive communications regarding the underlying allegations as well as work product from the investigators – including statements from third-party witnesses – that was ultimately filed in this case.[13]

Despite the City's obligation to demonstrate that it has not waived any privilege applicable to these documents,[14] no explanation or justification for the continued withholding or redaction has been made. And given the record concerning the statements prepared for Stephen Riley and Charles Herring, Atlantic Dominion expects that the documents and communications concerning the statements of the other witnesses, in particular, will yield vital and otherwise unobtainable evidence in support of its defense. Please let us know for which of these documents the City intends to demonstrate the continued application of privilege and which it will produce.

**Log Errors**

In addition to the issues raised above and those raised in our letter dated February 27, there appear to be a number of factual errors in the log that require correction. For example, there are ten different redacted emails[15] from Mr. Brostrom listed as being sent exactly at 11:10 on 3/5/2021, another six[16] sent at one minute later at 11:11, and another three[17] at 11:12. Another eight documents with these time stamps involving Mr. Brostrom have been withheld in their entirety.[18] A review of a handful of the emails mentioned earlier in this letter, specifically NYC_0009233, NYC_0009738, NYC_0009240, & NYC_0009745 establishes that the date is wrong for each.

There also appear to be repeated errors involving the identification of attachments. Several of the entries for these emails[19] list the "attachment count" as "0", despite clearly transmitting attachments. And while it is impossible to verify whether emails withheld in their

---

DMNL00241_000014236, DMNL00241_000014237, DMNL00241_000014205, DMNL00241_000014204, DMNL00241_000014208, DMNL00241_000014224, DMNL00241_000014225, DMNL00241_000014226, DMNL00241_000014227, DMNL00241_000014232, DMNL00241_000013144, DMNL00241_000013191

[13] *See, e.g.,* NYC_0009972, NYC_0010442, NYC_0010444, DMNL00241_000013587, & DMNL00241_000013573, related to the interview of Stephen Riley *and* NYC_0008718, NYC_0009437, NYC_0009649, NYC_0009947, all related to John Lash, both of Cigarettes Unlimitted. In addition, more than fifty emails expressly referencing Justin Freeman or Freeco in the subject line have been redacted or withheld.

[14] *See, e.g., In re Symbol Techs., Inc. Sec. Litig*2017 WL 1233842, at *10 (E.D.N.Y. Mar. 31, 2017).

[15] NYC_0009269, NYC_0009271, NYC_0009274, NYC_0009278, NYC_0009285, NYC_0009774, NYC_0009776, NYC_0009779, NYC_0009783, & NYC_0009790.

[16] NYC_0009561, NYC_0009563, NYC_0009566, NYC_0009687, NYC_0009689, & NYC_0009692.

[17] NYC_0009233, NYC_0009240, & NYC_0009745.

[18] NYC_0009267, NYC_0009268, NYC_0009559, NYC_0009560, NYC_0009685, NYC_0009686, NYC_0009772, & NYC_0009773.

[19] *See, again*, NYC_0009233, NYC_0009738, & NYC_0009745.




entirety have attachments, the log itself suggests that – despite listing the "attachment count" as "0" – there are at least some documents attached to withheld emails that are also being withheld.[20]

It goes without saying that the timing of the emails in question is critical to the assertion of any privilege over communications with Messrs. Brostrom and Lesnak or with AUSA Kielmanovich. Similarly, an understanding of what material was or was not transmitted by these emails is essential to understanding both the nature of the documents being withheld and the applicability of any privilege asserted. We therefore ask that the City review and revise the logs to reflect the information for each entry accurately.

We look forward to hearing your position on the above and continuing our meet and confer process. In the meantime, please let us know when you will be available later this week to discuss our joint status report to the Court.

Sincerely,

Avi Schick

[20] *See, again*, NYC_0009267, NYC_0009268, NYC_0009559, NYC_0009560, NYC_0009685, NYC_0009686, NYC_0009772, & NYC_0009773.