Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Avi Schick**
avi.schick@troutman.com

March 22, 2023

**VIA EMAIL**

Krista Friedrich
New York City Law Department
100 Church Street
New York, NY 10007

Re:   City of New York v. Old Dominion Tobacco Company, Inc. 20 Civ 5965 (ENV-RER)

Dear Krista:

      As we have previously expressed in our February 27 and March 8 letters to you, our review of the documents the City recently reproduced remains ongoing.  Our prior letters noted our concerns regarding the City's privilege and redaction logs, including (a) the lack of any articulated basis for withholding or redacting certain communications; (b) inconsistencies between the privilege invoked and the content described for hundreds of documents; and (c) a number of what appear to be factual errors in the log entries.  Please let us know when we can expect both a response to our concerns and updated logs.

      Our continuing review of the City's recent production has also revealed significant additional concerns.  These relate to the metadata file produced March 1, and information referenced but not included in the production.  Moreover, the recent production calls into question the City's initial disclosures and supplemented responses to our client's interrogatories.

**Metadata**

      A large number of documents, particular those concerning Altria, appear to be missing basic metadata.  For more than 100 emails,[1] the metadata identifies the recipient but not the sender, the date, or the subject.  Others [2] do not even have the sender identified in the metadata.

      Please reissue the metadata file with all relevant data for all documents.

---

[1] *See* Exhibit A hereto.
[2] *See, e.g.*, NYC_0002072, NYC_0002097, and NYC_0003689.



**Documents and Information Referenced but Not Produced**

The City's production repeatedly references or alludes to documents and relevant to the City's claims and allegations and in the City's possession, custody or control that have not yet been produced. This arises repeatedly with regard to interviews of potential witnesses and alleged traffickers, as well as documents obtained from these and other third parties.[3]

*Interviews*

The City's production references and identifies a number of interviews that concern either Atlantic Dominion or the conduct alleged in the City's pleadings. A number of these interviews appear to have been transcribed, recorded or summarized yet most of the recordings, summaries, and transcripts have not been produced.

For example, the record includes partial transcripts for several interviews of Cigarettes Unlimited employees conducted by law enforcement on July 11, 2019, including:

- an interview of John A. Lash, III conducted by John Cielakie and Ryan Plunkett on or about July 11, 2019 and transcribed on August 29, 2019, for which only a partial transcript – bearing the header "New York City Law Department" – has been produced (NYC 0009464, NYC 0009490);

- an interview of Stephen D. Reilly conducted by Kevin Walsh and Butch Allison on or about July 11, 2019 and transcribed on an unknown date, for which only a partial transcript – bearing the seal of the New York City Law Department and indicating that there are no fewer than three recordings of this interview – has been produced (NYC 0009464, NYC 0009492);

- an interview of Julius Peters-Brandon conducted by Dillon Tittle on or about July 11, 2019 and transcribed on an unknown date, for which only a partial transcript – again bearing the seal of the New York City Law Department and again indicating that there are no fewer than three recordings of this interview – has been produced (NYC 0009464, NYC 0009496).

The City's production also references "a short interview with Rob [Schmidt] who gave information about the group smuggling cigarettes." NYC_0009426.

Each of these individuals was named as a defendant in the *Cigarettes Unlimited* case and the contents of these interviews are clearly relevant to the claims and defenses in this lawsuit. All recordings and transcripts of these interviews – and any other similar interviews of *Cigarettes Unlimited* defendants or Cigarettes Unlimited employees – must be produced in their entirety.

The City's production also indicates that the City has repeatedly met with and interviewed individuals who were named as defendants in the *Cigarettes Unlimited* case. It also appears that

---

[3] This is by no means an exhaustive list. As noted, our review is ongoing and can not be completed until we understand what the City is and isn't withholding.



the City has repeatedly met with and interviewed employees of FreeCo – the only other retailers identified in any of the City's pleadings – as well as employees of Altria.

While the City has produced both the recording and transcript for its June 22, 2020 Zoom interview of John Lash and the recording for its June, 25 2020 Zoom interview[4] with Stephen Riley, no such documents or recording have been produced for the other interviews that its production indicates were conducted by Zoom, including those with

- Altria employees Darren Broughton and Elizabeth Wickert on December 29, 2020 (NYC_0009852);
- Stephen Riley on May 13, 2021 (NYC_0009775);
- Justin Freeman on April 12, 2021 (NYC_0010006);
- Justin Freeman on June 4, 2021 (NYC_0010459);
- Justin Freeman on July 14, 2021 (NYC_0010400); and
- Justin Freeman on Nov. 1, 2021 (NYC_0010203).

In addition to these Zoom interviews, the record indicates that the City conducted other interviews <u>specifically about Atlantic Dominion</u> with additional *Cigarettes Unlimited* defendants. *See, e.g.,* NYC_0010416 ("we plan to contact the former Cig Unlimited folks who were jour [sic] clients - Peters-Branden, Fox etc. Only to see what they can tell us about AD").[5] All recordings, transcripts and summaries of these interviews – and of any other interviews the City conducted regarding Atlantic Dominion or the allegations at issue in this action – must be produced.

*Initial Disclosures*

The above referenced documents also raise serious concerns about the City's initial disclosures, dated December 10, 2021, and its interrogatory responses, as supplemented May 10, 2022. For example, while some of the above referenced interviews are listed as "oral communications" in response to Interrogatory 9, others are not.

Additionally, it appears that third parties – including third-party counsel, as well as Frank Brostrom and Tom Lesnak – attended or even conducted a number of these interviews.[6] However, despite the explicit request that the City identify "the name of the individual(s) making or receiving each such communication," the City failed to identify any such third parties, inaccurately suggesting that only the City and the named individual were party to the communication. Moreover, the identities of some of the individuals named in the above referenced documents were disclosed by the City in the City's initial disclosures, but many were not.[7]

This is only the most recent example of the City providing incomplete responses – in violation of its discovery obligations and to the detriment of Atlantic Dominion. As has been raised in our prior letters, filings, and court conferences, the City is relying on extensive communications and documents received from third parties, including those expressly referenced or alluded to in

---

[4] No transcript of this interview has been produced. To the extent one exists, it also must be produced.
[5] *See also* NYC_0010446.
[6] *See, e.g.,* NYC_0010006, NYC_0009775, NYC_0010459, NYC_0010400, NYC_0010203.
[7] The City refused to identify any individuals in its initial response to Interrogatory 8 which sought "persons with knowledge of any facts relating to or concerning allegations, averments, damages, and relief claimed in the Complaint" and did not supplement its response to identify any of these individuals.

**Krista Friedrich**
March 22, 2023
Page 4



---

its filings. However, despite its clear relevance, the City has again refused or failed to provide the discovery to which Atlantic Dominion is entitled. And yet again, the City's failure to identify what discoverable documents and information exist – much less where and in whose possession – has considerably hampered Atlantic Dominion's ability to conduct discovery and defend this case.

A full and accurate response to Interrogatories 8 and 9 must be produced, along with all recordings and transcripts of any responsive oral communications. Similarly, to the extent that any summaries or descriptions of these oral communications were prepared by third parties – including Messrs. Lesnak and Brostrom – those must be produced as well.[8]

***Documents***

The City's breaches of its discovery obligations are not limited to interviews and oral communications. The production references a number of different relevant and responsive documents that the City has neither identified nor produced. For example – in the most egregious example we have found thus far – counsel for the City sent an email dated April 6, 2021 to counsel for a number of the *Cigarettes Unlimited* defendants, indicating that

> Probably helpful to our discussion to let you know that the criminal investigation of AD is not going to go forward … The discovery and witnesses have been released to me.

NYC_0009968. It is difficult to imagine what documents and witnesses could possibly be more relevant to this case or more necessary for Atlantic Dominion. It is similarly difficult to understand why they were not identified in the City's initial disclosures several months later, why they have not subsequently been identified, and why they have not been produced.

While, as noted, our review is ongoing, the production to date similarly alludes to other relevant and responsive documents received from third parties, including

- Documents obtained from the Spotsylvania County Sheriff's Office (*see, e.g.,* NYC 0008680 and NYC_0009671, discussing review of such materials);

- Documents obtained from Stephen Riley (*see, e.g.,* NYC_0009972 in which Tom Lesnak indicates on May 12, 2021 that he has "2 banker boxes of records that needs to be returned to Mr Riley"); and

- Electronic business records for Cigarettes Unlimited (*see, e.g.,* NYC_0009670, in which counsel for the City plans to "review CU's Quikbooks file").

---

[8] As noted in our letter dated March 7, the lack of accurate dates or complete and accurate descriptions in the privilege and redaction logs for documents exchanged with Messrs. Lesnak and Brostrom makes it impossible to understand what documents are actually being withheld, much less challenge the invocation of privilege. This information is even more necessary given our review of the documents produced thus far, including the recent discovery of Messrs. Lesnak and Brostrom's attendance of and participation in these interviews.

**Krista Friedrich**
March 22, 2023
Page 5



---

These documents were neither identified in the City's initial disclosures or supplemental interrogatory responses. Nor have they been produced.

Atlantic Dominion sought discovery from the City based in part on the sources of information the City identified in its initial disclosures and it has pursued specific documents and information based on the City's supplemental interrogatory responses. The City's incomplete responses regarding the documents and information in its possession, custody, and control have hampered Atlantic Dominion's ability to conduct discovery. And the City's continued withholding of extremely relevant documents and information have prejudiced Atlantic Dominion's ability to defend against this suit.

As noted above, this letter is by no means a complete catalog of all of the City's breaches of its discovery obligations. We expect that further review of the City's production will reveal additional problems.

The City must immediately remedy its discovery deficiencies set forth above and provide privilege and redaction logs that address the concerns raised in our February 27 and March 8 letters.

Sincerely,

Avi Schick



## Exhibit A

| | | |
|---|---|---|
| NYC_0004568 | NYC_0006055 | NYC_0007324 |
| NYC_0004572 | NYC_0006084 | NYC_0007358 |
| NYC_0004651 | NYC_0006094 | NYC_0007538 |
| NYC_0004653 | NYC_0006097 | NYC_0007618 |
| NYC_0004655 | NYC_0006147 | NYC_0007701 |
| NYC_0004707 | NYC_0006174 | NYC_0007703 |
| NYC_0004711 | NYC_0006208 | NYC_0007705 |
| NYC_0004738 | NYC_0006233 | NYC_0007707 |
| NYC_0004765 | NYC_0006245 | NYC_0007711 |
| NYC_0004767 | NYC_0006247 | NYC_0007768 |
| NYC_0004877 | NYC_0006283 | NYC_0007901 |
| NYC_0004907 | NYC_0006291 | NYC_0007903 |
| NYC_0004932 | NYC_0006323 | NYC_0007911 |
| NYC_0004938 | NYC_0006330 | |
| NYC_0004994 | NYC_0006332 | |
| NYC_0005076 | NYC_0006357 | |
| NYC_0005104 | NYC_0006384 | |
| NYC_0005108 | NYC_0006411 | |
| NYC_0005110 | NYC_0006488 | |
| NYC_0005157 | NYC_0006494 | |
| NYC_0005183 | NYC_0006682 | |
| NYC_0005187 | NYC_0006684 | |
| NYC_0005191 | NYC_0006688 | |
| NYC_0005193 | NYC_0006690 | |
| NYC_0005197 | NYC_0006803 | |
| NYC_0005222 | NYC_0006807 | |
| NYC_0005224 | NYC_0006863 | |
| NYC_0005345 | NYC_0006865 | |
| NYC_0005504 | NYC_0006867 | |
| NYC_0005564 | NYC_0006883 | |
| NYC_0005644 | NYC_0006887 | |
| NYC_0005652 | NYC_0006914 | |
| NYC_0005751 | NYC_0006991 | |
| NYC_0005856 | NYC_0007064 | |
| NYC_0005862 | NYC_0007068 | |
| NYC_0005891 | NYC_0007070 | |
| NYC_0005902 | NYC_0007108 | |
| NYC_0005931 | NYC_0007141 | |
| NYC_0005933 | NYC_0007147 | |
| NYC_0005958 | NYC_0007163 | |
| NYC_0005964 | NYC_0007166 | |
| NYC_0005968 | NYC_0007168 | |
| NYC_0006051 | NYC_0007197 | |
| NYC_0006053 | NYC_0007247 | |