Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Avi Schick**
avi.schick@troutman.com

August 2, 2023

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *City of New York v. Old Dominion Tobacco Company, Inc* (Case No. 2:20-cv-05965)

Dear Judge Reyes:

This firm represents defendant Atlantic Dominion.  On July 21, the City filed its Opposition (the "Opposition") to Atlantic Dominion's Motion addressing the City's privilege logs (the "Motion").  We write briefly to address several inaccuracies and misleading statements therein.

First, as set forth in the Motion, the recently updated Third Privilege Log does not identify all of the documents that are being withheld from Atlantic Dominion.  In particular, the City has (1) logged entire chains as privileged without specifying the number of emails in the chain, their dates, senders, recipients or contents; and (2) withheld at least 95 documents as "nonresponsive" without any log or explanation at all.  See Doc. 74 at 4, n.4.  The City now complains that Atlantic Dominion did not previously meet and confer on these two points before making its motion.  This is disingenuous and a situation entirely of the City's making.

The City admits that these issues could only have been discovered by Atlantic Dominion after the City circulated its Second Privilege Log and produced additional documents in February 2023.  Doc. 74 at 3-4.  Atlantic Dominion diligently raised issues with the City's Second Privilege Log and productions as they became apparent throughout February and March.  Based on its communications with the City – including the City's letter dated April 19 in which the City indicated that it would "update [its] privilege logs" in connection with another supplemental production – Atlantic Dominion expected to receive an updated privilege log and then continue discussions.

Instead, on June 1 the City wrote to the Court "that the utility of the meet-and-confer process has been exhausted [regarding] the City's privilege logs."  It followed up by representing to this Court during the June 7 conference that it did not intend to produce an updated log or to meet and confer any further, declaring that Atlantic Dominion should file a motion.

Now that Atlantic Dominion has done exactly what the City suggested, it can't be heard to complain that the Motion is premature.

Second, the City's discussion of the case law is similarly unavailing.  The City quoted language from *In re Actos Antitrust Litigation,* 340 F.R.D. 549 (S.D.N.Y. 2022) noting that "[t]he Federal Rules of Civil Procedure do not contain provisions regarding the use of email threading" but neglected to note that this was with regard to threading emails for purposes of producing them.  The City omitted that the court explicitly rejected the inclusion of multiple emails within a



single description in a privilege log, "since it is unlikely that the log would contain sufficient information for Plaintiffs to assess the claim of privilege for each email in the thread."

The City also attempts to distinguish the descriptions in its privilege log from those rejected by the Court in *Cafex Commc'ns, Inc. v. Amazon Web Servs., Inc.*  But a comparison of the City's log with those at issue in that case (*See* 1:17-cv-01349-VM-KNF, Document 85-3) confirms their similarity.  Both identify communications as being withheld but not how many or their independent senders or the basis of any asserted privilege.[1]  And though the City cites *In re Bystolic Antitrust Litigation* in favor of withholding documents it has deemed to be non-responsive, the court in that case required "protections" including the inclusion of "metadata to identify any document withheld on that basis."  Such identification, of course, is exactly what is missing here.[2]

Finally, the City's Opposition tries to distract attention from the deficiencies of its privilege logs by arguing that certain categories of documents may be entitled to be withheld as privileged.  This misses the point of the Motion, which addresses the threshold question:  are the entries in the Second and Third Privilege Logs sufficient to allow Atlantic Dominion to understand what is being withheld and why.  The City was ordered over a year ago to produce a log with "all the relevant information that someone needs to assess whether the assertion of the privilege is valid."  Doc. 52 at 19-21.  The City did not do so in the First Privilege Log last fall, the Second Privilege Log in February, or even the Third Privilege Log produced after Atlantic Dominion was directed to file its Motion.  Rather, the City refused to discuss these deficiencies and insisted Atlantic Dominion make this Motion.  As set forth in the Motion, the documents identified in Exhibit M to the Metcalfe Affirmation should be produced, a complete log listing all the remaining withheld documents should be provided, and Atlantic Dominion should be awarded its costs and fees in bringing this motion.

Respectfully submitted,

Avi Schick

---

[1] By contrast, the privilege log from *Hasemann v. Gerber Products Co.*, which the City attached to their Opposition, contains more varied and detailed descriptions which explicitly provided a basis for alleging privileged, and that detail and specificity was expressly relied on by the Court in denying the motion to compel production of an entire category of documents based on the inadequacy of the privilege log.  *See Hasemann v. Gerber Prod. Co.*, No. 15CV2995(MKB)(RER), 2018 WL 6344204, at *3 (E.D.N.Y. Oct. 25, 2018).

[2] The description of the role of Thomas Lesnak set forth in the City's Opposition role in the opposition is at odds with their representations made to Atlantic Dominion.  Specifically, the privilege log describes Mr. Lesnak as an "investigator engaged by Plaintiff" but during the June 16 meet and confer the City conceded that Mr. Lesnak had no agreement with the City and was not compensated for his work.